# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0456V
Filed: July 16, 2018
UNPUBLISHED

| | |
|---|---|
| GARY SCHNEIDER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 30, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccination administered on October 1, 2015. Petition at 1-5. On March 26, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 25).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 18, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 30).[3] Petitioner requests attorneys' fees in the amount of $13,716.50 and attorneys' costs in the amount of $807.27. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $14,523.77.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, however the undersigned finds is necessary to reduce the request for attorney's fees for the reasons listed below.

Upon review of the records, a number of entries billed by the paralegals are for tasks better characterized as clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.30 hours[4] was billed by paralegals on administrative tasks including, paying invoices, organizing documents and mailing correspondence. For these reasons the request for attorney's fees is **reduced in the amount of $184.80**.[5]

The undersigned notes there are duplicated billing entries. The duplicated entries are March 14, 2018 (0.10 hrs) "Telephone call to client." and March 16, 2018 (0.10 hrs) "Review electronic notice. Review and download order. Calendar deadline." (ECF No. 30-1 at 9). The undersigned reduces the **request for attorney's fees by $29.30,** the total of the duplicated billing entries.

The full amount of costs requested, $807.27, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for reduced attorneys' fees and costs.

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. (ECF No. 30 at 2.)

[4] Examples of these entries include: September 1, 2016 (0.20 hrs) "Prepare retainer packet for delivery via UPS"; Mach 31, 2017 (0.20 hrs) "Forward copy of petition to HHS via certified mail" and May 1, 2018 (0.10 hrs) "Finalize and ship closing letter and entitlement check to client." These entries are merely examples and are not exhaustive.

[5] This amount consists of: 0.4 hours at $135 per hour, 0.80 hours at $145 per hour and 0.1 hours at $148 per hour.

**Accordingly, the undersigned awards the total of $14,309.67[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Alison H. Haskins. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.